IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL CHARLES FEGELY, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DAVID C. COLLINS, SR., *et al.*, | : | NO. 23-2258 |

## MEMORANDUM

**Padova, J.**                                                                                                      July 5, 2023

Plaintiff Daniel Charles Fegely, Jr., a pretrial detainee at the Northampton County Prison ("NCP"), brings this *pro se* civil action pursuant to 42 U.S.C. § 1983 based on allegations that he has been prevented from contacting his attorney and from accessing the law library. Fegely also seeks leave to proceed *in forma pauperis*. (ECF No. 1.) For the following reasons, we will grant Fegely leave to proceed *in forma pauperis* and dismiss his claims with the exception of Fegely's Sixth Amendment claim against Defendant David C. Collins, Sr. in his individual capacity.

### I.     FACTUAL ALLEGATIONS[1]

Public dockets reflect that on November 14, 2022, Fegely was charged in Northampton County with attempted homicide and other offenses based on events that occurred on November 12, 2022. *Commonwealth v. Fegely*, No. CP-48-CR-0000281-2023 (C.P. Northampton). He was arraigned on March 24, 2023. *Id.* The docket for that criminal proceeding, which is currently pending, reflects that Fegely is represented by court-appointed counsel. *Id.*

---

[1] The facts set forth in this Memorandum are taken from the Complaint and public dockets of which we may take judicial notice. *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

On March 29, 2023, Fegely was charged in a second criminal proceeding with "Criminal Solicitation – Criminal Homicide" and "Criminal Conspiracy Engaging – Intimidate Witness/Victim – Withhold Testimony" based on offenses alleged to have occurred on November 14, 2022.  *Commonwealth v. Fegely*, No. CP-48-CR-0001291-2023 (C.P. Northampton).  This case, like Fegely's prior case, is currently pending.  *Id.*  It is unclear from the docket in that case whether Fegely is represented by counsel.

The Complaint in the instant civil action names the following four Defendants, all of whom are employed at NCP:  (1) David Collins Sr., identified as a "Public Safety Administrator"; (2) Captain Luis Cruz; (3) Lieutenant Anthony Pier; and (4) Sergeant Brad Nichols.  (Compl. at 1-3.)[2]  Defendants are sued in their individual and official capacities.  (*Id.* at 2-3.)  The crux of Fegely's claims is his allegation that on March 23, 2023, "all [his] communication with the outside world [was] terminated by David Collins Sr. including contact with [his] attorney & access to the courts via law library." (*Id*. at 5.)  Fegely alleges that he "asked several Captions, LT's & even PSA David Collins Sr. for a legal call & it was denied every time!" (*Id.*)  Fegely further alleges that his requests to use "a law library computer to do law work for [his] case" were denied and that he was told to write to the law librarian.  (*Id.*)  Fegely notes, however, that in the past, the librarian would only print cases for him if he knew which cases he wanted, rendering him "unable to do proper research on [his] case." (*Id.*)  He indicates that he filed grievances and was denied the ability to make a legal call as a result of "David Collins Sr.['s] orders" even after a legal call was authorized by the Warden.  (*Id. at 5, 8.*)

---

[2] We adopt the pagination supplied by the CM/ECF docketing system.

Fegely alleges that these restrictions have violated his constitutional rights and caused him anguish and emotional distress. (*Id.* at 3, 5.) He seeks punitive damages "from each Defendant for refusing to allow [him] to make timely contacts to private attorney to assure private attorney was paid & where to get the payments from." (*Id.* at 5.) He also seeks an injunction generally requiring the Defendants to change how they treat prisoners. (*Id.*)

## II.  STANDARD OF REVIEW

As an initial matter, we grant Fegely leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) applies, which requires that we dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires us to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). "'At this early stage of the litigation,' '[w]e accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (first, third, and fifth alterations in original) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)). Conclusory allegations do not suffice. *Iqbal*, 556 U.S. at 678. As Fegely is proceeding *pro se*, we construe his allegations liberally. *Vogt v.*

---

[3] However, because Fegely is a prisoner, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

*Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).

**III.   DISCUSSION**

Fegely asserts constitutional claims against Defendants pursuant to § 1983, the vehicle by which federal constitutional claims may be brought in federal court. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citations omitted). In a § 1983 action, the personal involvement of each defendant in the alleged constitutional violation is a required element and, therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998) (citations omitted).

"Suits against high-level government officials must satisfy the general requirements for supervisory liability." *Wharton v. Danberg*, 854 F.3d 234, 243 (3d Cir. 2017). There are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she, "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (alteration in original) (quoting *A.M. ex rel. J.M.K. v. Luzerne Cnty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004)). "Second, 'a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had

4

knowledge of and acquiesced' in the subordinate's unconstitutional conduct."[4]  *Id. (*quoting *A.M. ex rel. J.M.*, 372 F.3d at 586).

A.      **Denial of Access to the Law Library**

Fegely alleges that he is being denied access to the law library, which he claims he requires to research his "case."  (Compl. at 5.)  This allegation is best construed as a claim for denial of access to the courts under the First and Fourteenth Amendments.  *See Monroe v. Beard*, 536 F.3d 198, 205 (3d Cir. 2008) ("Under the First and Fourteenth Amendments, prisoners retain a right of access to the courts.").  "A prisoner making an access-to-the-courts claim is required to show that the denial of access caused actual injury." *Jackson v. Whalen*, 568 F. App'x 85, 87 (3d Cir. 2014) (*per curiam*) (quoting *Lewis v. Casey*, 518 U.S. 343, 350 (1996)).  In other words, a pretrial detainee claiming he was denied access to the courts must allege an injury traceable to the conditions of which he complains.  *Diaz v. Holder*, 532 F. App'x 61, 63 (3d Cir. 2013) (*per curiam*) (affirming dismissal of denial of access claims where plaintiff failed to tie alleged

---

[4] Fegely's claims against Defendants in their official capacities are, in essence, claims against the municipality that employs them.  *See Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) ("Official-capacity suits . . . 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'" (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690, n.55 (1978))).  To plead a basis for municipal liability under § 1983, a plaintiff must allege that the municipality's policy or custom caused the violation of his constitutional rights.  *See Monell*, 436 U.S. at 694.  "To satisfy the pleading standard, [the plaintiff] must . . . specify what exactly that custom or policy was." *McTernan v. City of York, PA*, 564 F.3d 636, 658 (3d Cir. 2009) (citation omitted).  "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict." *Estate of Roman v. City of Newark*, 914 F.3d 789, 798 (3d Cir. 2019) (alteration in original) (quoting *Andrews v. City of Philadelphia*, 895 F.2d 1469, 1480 (3d Cir. 1990)).  "Custom, on the other hand, can be proven by showing that a given course of conduct, although not specifically endorsed or authorized by law, is so well-settled and permanent as virtually to constitute law."  *Id.* (quoting *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990)) (citation omitted).  Since Fegely has not plausibly pled that the events giving rise to his claim stemmed from an unconstitutional policy or custom attributable to Northampton County, he has not stated a plausible claim against the Defendants in their official capacities.

deficiencies in library to harm in underlying action). In general, an actual injury occurs when a pretrial detainee demonstrates that a "nonfrivolous" and "arguable" claim was lost because of the denial of access to the courts. *Christopher v. Harbury*, 536 U.S. 403, 415 (2002). Furthermore, the right to access the courts may be satisfied if the plaintiff has an attorney. *Diaz*, 532 F. App'x at 63; *see also Prater v. City of Phila.*, 542 F. App'x 135, 137 n.4 (3d Cir. 2013).

Fegely has failed to state a claim that he was denied access to the courts because he has not plausibly alleged an actual injury stemming from his inability to access the law library. Initially, when Fegely alleges that he must conduct legal research for his "case," it is unclear whether he is talking about one or more of his pending criminal matters, the instant civil action, or another legal matter. Furthermore, to the extent Fegely is represented by counsel in his criminal matters, "appointment of counsel is sufficient to provide a pretrial detainee with 'meaningful access to courts.'" *Prater*, 542 F. App'x at 137 n.4 (quoting *Peterkin v. Jeffes*, 855 F.2d 1021, 1042 (3d Cir. 1988)). In any event, Fegely has failed to allege how his inability to access the law library adversely impacted his criminal proceedings — whether he is represented or proceeding *pro se* — or any civil case he sought to pursue, as is required to state a claim in this context. *Id.* ("To the extent Prater contends that he was, in essence, proceeding pro se, he would still need to show that the inability to access the library caused him actual injury."); *see also Lewis*, 518 U.S. at 351 (explaining that inmates do not have an "abstract, freestanding right to a law library or legal assistance"). Accordingly, Fegely has not stated a plausible claim for denial of access to the courts.

### B.     Interference With Counsel

We also understand Fegely to be alleging that Defendant Collins restricted him from communicating with anyone outside the prison, which prohibited him from calling his defense

counsel and contacting others to ensure defense counsel's fee was paid, thereby interfering with his right to the assistance of counsel.[5]  "Under the Sixth Amendment, a pretrial detainee has a right to utilize counsel to defend against a criminal case that the state has brought against him." *Prater v. City of Philadelphia*, Civ. A. No. 11-1618, 2015 WL 3456659, at *4 (E.D. Pa. June 1, 2015) (on remand) (citing *Benjamin v. Fraser*, 264 F.3d 175, 186 (2d Cir. 2001)).  With respect to restrictions on attorney contact with clients, "[t]he Supreme Court [has] held that 'inmates must have a reasonable opportunity to seek and receive the assistance of attorneys' and that [prison] '[r]egulations and practices that unjustifiably obstruct the availability of professional representation . . . are invalid.'"  *Benjamin*, 264 F.3d at 184 (fourth alteration in original) (quoting *Procunier v. Martinez*, 416 U.S. 396, 419 (1974)).  Thus, where an institutional restriction impedes a pretrial detainee's access to criminal counsel, "the practice must be evaluated in the light of the central objective of prison administration, safeguarding institutional security."  *Id.* at 187 (quoting *Bell v. Wolfish*, 441 U.S. 520, 547 (1979)).  A prison regulation that restricts a pretrial detainee's contact with his attorney will be unconstitutional where the regulation "unreasonably burden[s] the inmate's opportunity to consult with his attorney and to prepare his defense."  *Id.* (quoting *Wolfish v. Levi*, 573 F.2d 118, 133 (2d Cir. 1978)).  Moreover, "a plaintiff may maintain a Sixth Amendment cause of action under § 1983 without 'alleging or proving prejudice to his defense at trial.'"  *Prater*, 2015 WL 3456659, at *5 (quoting *Via v. Cliff*,

---

[5] Fegely's allegations indicate that the restriction imposed by Collins impacted his communications with more than just counsel, but when read in context, it is apparent that the focus of Fegely's Complaint is his inability to communicate with counsel.  To the extent that Fegely intended to raise claims other than those addressed here, those claims are vague and insufficiently pled.  *See Iqbal*, 556 U.S. at 678 ("Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  (internal quotations omitted)); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007) ("Because the plaintiffs here have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed.").

470 F.2d 271, 275 (3d Cir. 1972)); *see also Petlock v. Nadrowski*, Civ. A. No. 16-310, 2016 WL 7173781, at *9 (D.N.J. Dec. 8, 2016).

Liberally construing Fegely's allegations, we understand him to be claiming that Collins imposed a restriction upon him that completely prohibited Fegely from communicating with counsel, even through a third party, and that Fegely was therefore unable to arrange for or confirm whether his counsel had been paid. At this early stage of the litigation, the Court will permit Fegely's Sixth Amendment claim against Collins to proceed. *See Harris v. Hudson Cnty. Corr. Facility*, Civ. A. No. 22-4414, 2022 WL 6742556, at *3 (D.N.J. Oct. 11, 2022) (permitting Sixth Amendment access to counsel claim to proceed past screening where "Plaintiff alleges he attempted to add his attorney to his list via the kiosk as required by the [institutional] policy, but Defendant . . . refused to add the attorney to Plaintiff's list"); *Richardson v. Morris Cnty. Corr. Facility*, Civ. A. No. 06-2340, 2006 WL 3000234, at *5-6 (D.N.J. Oct. 20, 2006) (finding cognizable Sixth Amendment claim where plaintiff was denied telephone access and had "advised the appropriate jail personnel that he had an arraignment scheduled in another matter two weeks after his arrest, and that he also had no writing materials to contact his counsel or the court"). However, Fegely has not alleged how the remaining three Defendants — Cruz, Pier, and Nicholas — were personally involved in the alleged violation of his rights. Indeed, other than naming these individuals in the caption, the Complaint does not contain any allegations providing details of these Defendants' involvement, such as what they are alleged to have done and when they are alleged to have done it. Accordingly, we will dismiss Fegely's claims against Defendants Cruz, Pier, and Nicholas for failure to state a claim. *See Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 290 (3d Cir. 2018) ("Each Government official, his or her title

notwithstanding, is only liable for his or her *own* misconduct.") (quoting *Iqbal*, 556 U.S. at 677) (emphasis in original).

## IV.   CONCLUSION

For the foregoing reasons, we grant Fegely leave to proceed *in forma pauperis* and dismiss his Complaint except insofar as it alleges a Sixth Amendment claim against Defendant Collins in his individual capacity.[6]  Having done so, we give Fegely the option of proceeding exclusively on his Sixth Amendment claim against Defendant Collins in his individual capacity or filing a more comprehensive amended complaint.  An appropriate Order, which provides further guidance to Fegely about his options for proceeding, follows.

BY THE COURT:

/s/ John R. Padova, J.

_____

JOHN R. PADOVA, J.

---

[6] To the extent that Fegely alleges that he was harassed, discriminated against, and/or subjected to unconstitutional punishment in a manner distinct from the subject matter discussed above (*see* Compl. at 3-5), his allegations are too vague and conclusory to state a claim.  *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").