IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DANIEL CHARLES FEGELY, JR. | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| DAVID C. COLLINS, SR., *et al.*, | : | NO. 23-2258 |

## ORDER

**AND NOW**, this 5th day of July, 2023, upon consideration of Plaintiff Daniel Charles Fegely, Jr.'s Motion to Proceed *In Forma Pauperis* (ECF No. 1), Prisoner Trust Fund Account Statement (ECF No. 3), and *pro se* Complaint (ECF No. 2), **IT IS HEREBY ORDERED** as follows:

1. Leave to proceed *in forma pauperis* is **GRANTED** pursuant to 28 U.S.C. § 1915.

2. Daniel Charles Fegely, Jr., #26346, shall pay the full filing fee of $350 in installments, pursuant to 28 U.S.C. § 1915(b), regardless of the outcome of this case. The Court directs the Warden of Northampton County Prison or other appropriate official to assess an initial filing fee of 20% of the greater of (a) the average monthly deposits to Fegely's inmate account; or (b) the average monthly balance in Fegely's inmate account for the six-month period immediately preceding the filing of this case. The Warden or other appropriate official shall calculate, collect, and forward the initial payment assessed pursuant to this Order to the Court with a reference to the docket number for this case. In each succeeding month when the amount in Fegely's inmate trust fund account exceeds $10.00, the Warden or other appropriate official shall forward payments to the Clerk of Court equaling 20% of the preceding month's income credited to Fegely's inmate account until the fees are paid. Each payment shall refer to the docket number for this case.

    3.       The Clerk of Court is **DIRECTED** to send a copy of this Order to the Warden of Northampton County Prison.

    4.       The Complaint is **DEEMED** filed.

    5.       For the reasons stated in the accompanying Memorandum, the following claims are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii):

       a. Fegely's claims against all Defendants in their official capacities;

       b. Fegely's claims against Defendants Captain Luis Cruz, Lieutenant Anthony Pier, and Sergeant Brad Nicholas in their individual capacities; and

       c. Fegely's claims against Defendant David C. Collins Sr. in his individual capacity **except for** Fegely's Sixth Amendment claim against Collins based on interference with access to counsel.

    6.       The Clerk of Court is **DIRECTED** to send Fegely a blank copy of the Court's standard form complaint for prisoners to use to file a complaint bearing the above civil action number.[1]

    7.       Fegely is given thirty (30) days to file an amended complaint in the event he can allege additional facts to cure the defects in the claims the Court has dismissed. Any amended complaint shall identify all defendants in the caption of the amended complaint in addition to identifying them in the body of the amended complaint, shall state the basis for Fegely's claims against each defendant, and shall bear the title "Amended Complaint" and the case number 23-2258. If Fegely files an amended complaint, his amended complaint must be a complete

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents/forms/frmc1983f.pdf.

document that includes all of the bases for Fegely's claims, including claims that the Court has not yet dismissed if he seeks to proceed on those claims.  Claims that are not included in the amended complaint will not be considered part of this case.  **This means that if Fegely files an amended complaint, he must reassert his Sixth Amendment claim against Defendant Collins, including the relevant underlying facts, if he intends to proceed upon it.**  When drafting his amended complaint, Fegely should be mindful of the Court's reasons for dismissing his claims as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

8. If Fegely does not file an amended complaint, the Court will direct service of his initial Complaint on Defendant Collins only so that Fegely may proceed on his Sixth Amendment claim based on interference with access to counsel.  Fegely may also notify the Court that he seeks to proceed on these claims rather than file an amended complaint.  If he files such a notice, Fegely is reminded to include the case number for this case, 23-2258.

9. The time to serve process under Federal Rule of Civil Procedure 4(m) is **EXTENDED** to the date the Court issues summonses in this case if summonses are issued.

BY THE COURT:

/s/ John R. Padova, J.

JOHN R. PADOVA, J.